IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPH OYE OGUNTODU, PRO SE, <br> also known as AYOOLA OGUNTODU, <br> TDCJ-CID No. 1728590, <br><br> Plaintiff, <br><br> v. <br><br> TONY PATE, Law Librarian; SAMANTHA <br> CARROLL, CO III; PAUL WAKEFIELD, <br> Sgt.; TOMMIE KING, CO V; and <br> NFN MUNOZ, CO V, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:13-CV-0081 |

**REPORT AND RECOMMENDATION**

Plaintiff JOSEPH OYE OGUNTODU, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges that, on April 19, 2012, he spoke with the unit law librarian, defendant PATE and asked PATE to notarize a will for him. Plaintiff says, as a result, PATE had defendants WAKEFIELD and CARROLL take plaintiff and place him in administrative segregation. Plaintiff alleges defendants MUNOZ and KING did not provide plaintiff with a suicide blanket. Plaintiff says he was "freezing cold and naked from 7:28 a.m. – 5:30 p.m."

Plaintiff requests the defendants be investigated for unspecified reasons and that he be awarded compensatory and punitive damages, as well as unspecified injunctive relief.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or from an officer or employee

of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A.  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine whether it should proceed to answer by defendants or be dismissed.

## THE LAW AND ANALYSIS

With his complaint, plaintiff attached various Correctional Managed Care Mental Health Services records concerning the incident.  Among those records is a Security Chain In Note dated April 19, 2012 noting plaintiff's transport from the Roach Unit to the Montford Unit, and an April 19, 2012 Informed Consent and Limits of Confidentiality form signed by plaintiff, agreeing to participate in mental health treatment.  Also dated April 19, 2012 is a Mental Health Inpatient Admission Assessment recording the assessment of plaintiff on intake.  Plaintiff was found to be oriented times 4 and alert.  He denied having any current thoughts of suicide but admitted suicide attempts as a teenager.  He was allowed a blanket and Johnnies and the treatment plan was to

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

observe plaintiff's behavior every 15 minutes, refer him to the attending MD/MLP, admit him to Montford crisis management for three days, continue his medications and perform glucose fingersticks twice a day for seven days. Plaintiff was given a physical exam which included his vital signs and was noted to be clean, calm and cooperative. The reason for admission was "psychiatric evaluation/per referral op went to the law library to write a will and when asked why he became agitated. Denies SID. Threats against warden, "if he does not cut for the gays he will be dead."

Following the Consent Form is a record dated April 20, 2012 showing plaintiff was monitored every fifteen minutes for a twenty-four hour period, and another consent form which plaintiff refused to sign. The Mental Health Inpatient Crisis Management record dated April 20, 2012 records that plaintiff was seen that day in the dayroom. Under Reason for Referral, it states:

> On 4/19/12 at Roach unit Medical Provider Reported: Placed on suicide watch yesterday [April 18, 2012] – state he went to Lt. Pate and wanted to draw up a will and they took it wrong. Told them that he was preparing for the worst. Told them if Warden Sloan is "does not cut for the Gays then he is dead." – tried to explain it away in that is how the inmates talk while security took it as threat. LT Springer told him that everyone is tired of him – officer and other inmates. St [sic] Gwen is having his house shook down daily for having officers names in his logs and suspected traffic and trading and establishing relationships - - - - - -  In listening to him everyone is against him and everyone is wrong except him. Admits that he did get a case recently. Reports feeling depressed . . . . Saw MHMR in 2010 in Dallas Co. Took Risperidal and Celexa., Never been in psych hospitalization. . . . . Speech is tangential and rambles most of the time. . . . . . He did not convince me that he is not suicidal at this time. A: Suicidal ideations.

Plaintiff was retained and treated at Montford until he signed a Refusal of Treatment or Services form on May 3, 2012, stating he wished to be discharged so he could participate in "programmatic activities" such as church, outside recreation, telephone privileges, etc. Plaintiff was then released

and transported to the Robertson Unit.

Plaintiff does not specify how he feels his Constitutional rights were violated.  If plaintiff is in fact alleging he was denied Due Process, PATE's notification to the Psychiatric Department that plaintiff may be suicidal and his report of plaintiff's remarks regarding drawing up a will did not violate any Due Process right to which plaintiff has pointed.  Further, plaintiff does not accuse PATE, CARROLL, or WAKEFIELD of depriving him of his clothes and denying him a blanket.  He merely states they wrongly placed him in administrative segregation.  On numerous occasions, the Fifth Circuit has held that "[i]nmates have no protectable property or liberty interest in custodial classification."  *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)(change in security classification based on allegedly inaccurate information).  Therefore, plaintiff's claim against defendants PATE, CARROLL, and WAKEFIELD lacks an arguable legal basis and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's claim defendants KING and MUNOZ failed to provide him with a suicide blanket, with the result that plaintiff was cold and naked from 7:28 a.m. until 5:30 p.m. does appear to be a conditions of confinement claim.

In its prohibition of "cruel and unusual  punishments, "the Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable  measures to guarantee the safety of the inmates."  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)).

A prisoner asserting a claim that conditions of confinement constituted cruel and unusual

punishment must show deliberate indifference on the part of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The appropriate definition of "deliberate indifference" under the Eighth Amendment is "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v. Collins*, 27 F.3d. 174 (5th Cir. 1994). In this regard the Supreme Court has cautioned:

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979. It is only under exceptional circumstances that a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk.

Assuming that it was defendants KING and MUNOZ, and not psychiatric personnel at the Roach Unit, who made the decision that plaintiff would not be given a suicide blanket, plaintiff has alleged no fact showing that being naked and cold for ten hours constituted an excessive risk to his health or safety, especially when compared to the risk he might utilize the blanket in some way to commit suicide. Nor has he shown that defendants KING and MUNOZ knew of any excessive risk to plaintiff and ignored it.

Plaintiff has failed to state a claim against defendants KING and MUNOZ on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the

RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff JOSEPH OYE OGUNTODU be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of September, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).